**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTONIO PAUSEIRO et al, <br><br> Plaintiffs, <br><br> v. <br><br> PORT AUTHORITY OF NY & NJ et al, <br><br> Defendants. | Civil Action No. 2:15-cv-3523 (ES) (JAD) <br><br> REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION TO REMAND |

**JOSEPH A. DICKSON, U.S.M.J.**

This mater comes before the Court upon Plaintiffs Antonio Pauseiro and Maria Pereira's ("Plaintiffs") Motion to Remand this action to the Superior Court of the State of New Jersey, Middlesex County, pursuant to 28 U.S.C. § 1447. (ECF No. 23).[1] The Honorable Esther Salas, U.S.D.J., referred the motion to this Court for a Report and Recommendation. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, the Court did not hear oral argument on Plaintiffs application. Upon careful consideration of the parties' submissions, and for the reasons stated below, it is the recommendation of this Court that Plaintiffs' Motion to Remand, (ECF No. 23), be **GRANTED**.

I. **BACKGROUND**

On April 22, 2015, Plaintiffs filed a Complaint against Defendants Port Authority Of NY & NJ, Tarheel Enterprises, Inc., Heavy & General Laborers Local 472, Liuna Local 472,

---

[1] Plaintiffs filed several separate submissions in support of their Motion to Remand: the Notice of Motion, (ECF No. 23), several exhibits in support of their Motion to Remand, (ECF No. 24), and the Memorandum of Law Support of Plaintiffs' Motion to Remand. (ECF No. 25).

International Union Of Operating Engineers Local 825, Newark Liberty International Airport, City Of Newark, County Of Essex, State Of New Jersey, J. Fletcher Creamer & Son, Inc., John Bassani (A/K/A John Bazon), Gilberto Tomas, Volvo Construction Equipment North America, Inc., Adertio Silva, and several fictitious Defendants, (collectively "Defendants"). (Compl., ECF No. 1-1, at 6). Plaintiff alleges that he was "seriously injured in the course and scope of his employment on premises and/or with equipment managed, owned, operated, leased, controlled, used supervised, repaired, inspected, or maintained by the Defendants. Among other serious and debilitating injuries, Plaintiff Pauseiro sustained the amputation of his right foot." (Pls. Br., ECF No. 25, at 2). Plaintiffs' Complaint asserted several claims for personal injury, including negligence, intentional wrong, product liability, gross negligence, vicarious liability, improper hiring procedures, improper training and supervision, and per quod. (Compl., ECF No. 1-1). Plaintiffs effectuated service on several Defendants on or before May 20, 2015.[2] (ECF No. 24, Ex. E).

Defendant International Union of Operating Engineers Local 825 ("Defendant Local 825") timely filed a Notice of Removal on May 22, 2015, pursuant to 28 U.S.C. §§ 1441 and 1446. (Notice of Removal, ECF No. 1). In its Notice of Removal, Defendant Local 825 did not indicate that any other Defendants that were properly served joined in its removal, although Defendant Local 825 asserts that this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, specifically § 301 of the Labor Management Relations Act ("LMRA"). (Notice of Removal, ECF No. 1, ¶ 3).

---

[2] Plaintiffs maintain that fourteen of the fifteen named Defendants were served as of May 22, 2015. (ECF No. 25-1, at 14) (citing ECF No. 24, Ex. E). Exhibit E, however, does not contain an affidavit of service for Defendant Newark Liberty International Airport, which Plaintiffs maintain was served on May 15, 2015. (Id.). This discrepancy does not impact the Court's analysis for the purposes of this Motion.

2

Plaintiffs filed a Motion to Remand on June 30, 2015,[3] arguing first, that Defendant Local 825 "has failed to carry its burden of demonstrating that this case presents a 'federal question' or 'arises under' the laws of the United States so as to confer original federal question jurisdiction under 28 U.S.C.A. § 1331 and § 1441; and [second] all Defendants have not joined in the removal application, as required by 28 U.S.C.A. § 1446(b)(2)(A) and the governing case law interpreting the statute." (Pls. Br., ECF No. 25, at 1-2). Defendant Heavy & General Laborers Local 472 ("Defendant Local 472") opposed Plaintiffs' Motion to Remand on August 3, 2015.[4] (Def. Opp. Br., ECF No. 37). Defendant Local 472 argues that "Plaintiffs' claims against the labor organizations, including Local 472, are . . . preempted by Section 301 of the LMRA and removal to this Court is appropriate." (Id. at 5). Defendant Local 472 did not address Plaintiffs' argument regarding the consent of all Defendants. Defendant Local 825 also opposed Plaintiffs' Motion to Remand on August 3, 2015, arguing first, that removal was proper under the LMRA, and second, "all non-nominal co-defendants have now consented to removal within the applicable 30-day period." (Def. Opp. Br., ECF No. 38, at 3). This Court shall first address the issue of whether all Defendants properly joined in the removal of this action.

## II. LEGAL STANDARD

Title 28, § 1441(a) of the United States Code permits a defendant to remove a civil action in state court to a federal court where the action could have been filed originally; that is, where the

---

[3] Since Plaintiffs' Motion to Remand was based on a procedural defect, it should have been made within thirty (30) days after the filing of the notice of removal pursuant to 28 U.S.C. § 1447(c). In attempts to have the parties amicably resolve the alleged jurisdictional defects raised by Plaintiffs, (ECF No. 9), this Court extended Plaintiffs' time to file a Motion to Remand. (Id.). Plaintiffs' Motion to Remand shall, therefore, be deemed timely for purposes of this Motion.

[4] In the same submission, Defendant Local 472 filed a cross motion to dismiss Plaintiff's Complaint. (ECF No. 37). This Court, however, will only address Defendant Local 472's arguments made in connection with the Motion to Remand.

3

federal court has subject matter jurisdiction over the action. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Section 1446 outlines the procedures for removal, and § 1447 outlines the procedures following removal. See 28 U.S.C. §§ 1446, 1447. Defects in removal may be procedural or jurisdictional.

Under 28 U.S.C. §446(b)(1), a defendant has thirty days to remove a case, and that time limit "is a procedural provision, not a jurisdictional one." Farina v. Nokia, Inc., 625 F.3d 97, 114 (3d Cir. 2010) (citing Ariel Land Owners, Inc. v. Dring, 351 F.3d 611, 614 (3d Cir. 2003)). In turn, a plaintiff's motion to remand a case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under § 1446(a). 28 U.S.C. § 1447(c). Jurisdictional defects, however, may be raised at any time. Caterpillar, Inc. v. Lewis, 519 U.S. 61, 69 (1996).

The party seeking removal bears the burden of demonstrating that removal is proper. Federico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007); see also Brown v. Jevic, 575 F.3d 322, 323 (3d Cir. 2009). Moreover, removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." Boyer v. Snap-On Tools Corp., 913 f.2d 108, 111 (3d Cir. 1990) (citing Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987)).

The right to remove a case from state to federal court is vested exclusively in "the defendant or defendants." 28 U.S.C. § 1441(a). Title 28, § 1446(a) of the United States Code requires "[a] defendant or defendants desiring to remove any civil action . . . [to] file . . . a notice of removal." Balazik v. Cnty. Of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995). Despite the ambiguity of the term "defendant or defendants," it is well established that removal generally requires unanimity among the defendants. See e.g. Chicago, R. I. & P. Ry. Co. v. Martin, 178 U.S. 245, 247 (1900) (reasoning

that "if a suit arises under the Constitution or laws of the United States, or if it is a suit between citizens of different states, the defendant, if there be but one, may remove, or the defendants, if there be more than one . . ."); Lewis v. Rego Co., 757 F.2d 66, 68 (3d Cir. 1985) ("Section 1446 has been construed to require that when there is more than one defendant, all must join in the removal petition").

Pursuant to 28 U.S.C. §1446(b)(2)(A), "all defendants who have been properly joined and served must join in or consent to the removal of this action." (emphasis added). The unanimity rule may be disregarded where: (1) where a defendant has not been served at the time the removing defendants filed their petition;[5] see Lewis, 757 F.2d at 69; (2) non-joining defendant is an unknown or nominal party;[6] or (3) where a defendant has been fraudulently joined See McManus v. Glassman's Wynnefield, Inc., 710 F. Supp. 1043, 1045, n.5 (E.D. Pa. 1989) (citing Fellhauer v. City of Geneva, 673 F. Supp. 1445, 1447 n.4 (N.D. Ill. 1987)).

Although the rule of unanimity does not require each defendant to sign the actual notice of removal, courts generally require each defendant served in the action to provide "some form of unambiguous written evidence of consent to the court in a timely fashion." Michaels v. New Jersey, 955 F. Supp. 315, 321 (D.N.J. 1996) (emphasis in original); accord Lakatos v. Monmouth County Dep't of Corr., No. 13-5701, 2014 U.S. Dist. LEXIS 9079, *5 (D.N.J. Jan. 22, 2014) (Thompson, J) ("Here, Defendant Shah did not sign the notice of removal. Therefore, Defendant Shah was required to file a separate written consent to removal within 30 days of the date he was served."); Burns v. City of Hoboken, No. 10-5754, 2011 U.S. Dist. LEXIS 76879, *5-7 (D.N.J.

---

[5] Defendant Aderito Silva was not served at the time Defendant Local 825 removed this matter. As such, whether Defendant Silva consented to removal is immaterial to this analysis.

[6] Defendant Local 825 argues that Defendant State of New Jersey, Defendant Bassani, and Defendant Tomas are all nominal Defendants. (Def. Opp. Br., ECF No. 38, at 3). The Court shall not, therefore, consider these Defendants' consent, or lack thereof, for purposes of this Motion.

July 15, 2011) (Salas, J.) (noting that the rule of unanimity requires that all properly served defendants either join in the removal or provide the court with their timely, written consent); Collins v. Baxter Healthcare Corp., 949 F. Supp. 1143, 1146 (D.N.J. 1996) (Rodriguez, J) ("[T]he court cautions that formal expressions of consent, in the form of certifications or joining in the notice of removal by signing the notice, will be required within the time provided for under 28 U.S.C. § 1446."). Moreover, a removing defendant may not submit consent to the Court on behalf of non-removing defendants. Michaels, 955 F. Supp. at 321; Burns, 2011 U.S. Dist. LEXIS 76879, at *5. Finally, § 1446(b)(2)(A) requires that actual, contemporaneous consent be obtained from all defendants "properly joined, served," and after-the-fact pronouncements of consent are "of no moment." Cacoilo v. Sherwin-Williams Co., 902 F. Supp. 2d 518, 524 (D.N.J. 2012).

Failure of all defendants to join in or consent to removal is a "defect in removal procedure" within the meaning of § 1447(c), but is not deemed to be jurisdictional. See Balazik, 44 F.3d at 213 (referencing Johnson v. Helmerich & Payne, Inc., 892 F.2d 422, 423 (5th Cir. 1990) (reasoning that the "failure to join all the defendants in a removal petition is not a jurisdiction defect"); In re Amoco Petroleum Additives Co., 964 F.2d 706, 713 (7th Cir. 1992); McGlinchery v. Hartford Accident and Indem. Co., 866 F.2d 651, 653 (3d Cir. 1989). The Court may, therefore, only remand a case for violation of the unanimity rule where, as here, a party files a timely motion to remand. See In re FMC Corp. Packaging Systems Div., 208 F.3d 445, 451 (3d Cir. 2000) (holding "that the District court exceeded its authority . . . [by] remand[ing] these actions, *sua sponte*, based on what it identified as procedural defects in the petition for removal") (emphasis in original).

### III. DISCUSSION

Plaintiffs argue that removal was procedurally flawed because the other then-served Defendants did not timely consent to removal. (Pls. Br., ECF No. 25-1, at 14). This Court agrees.

The record reflects that Plaintiffs served all but one Defendant on or before May 20, 2015. (ECF No. 24, Ex. E). In order for Defendant Local 825's removal to be effective, each of the then-served Defendants would have had to submit some written manifestation of their joinder in or consent to removal within thirty (30) days of the date they were served. See Collins, 949 F. Supp. at 1146 (noting that defendants must inform the Court of such joinder "within the time provided for under 28 U.S.C. § 1446."). The following table lists four (4) groups of Defendants, all of whom were properly served prior to the Notice of Removal being filed. The table indicates the date Defendants were served, the date by which Defendants should have submitted a written manifestation of their joinder in or consent to removal, and the date the Defendants actually consented on.

| Group | Defendant | Date Served | Date Defendant Should Have Consent By | Date Defendant Actually Consented On | Support in the Record |
|---|---|---|---|---|---|
| 1 | Volvo Construction Equipment North America, Inc. | May 20, 2015 | June 20, 2015 | June 2, 2015 | (ECF No. 4) |
| 1 | City of Newark | May 15, 2015 | June 15, 2015 | June 4, 2015 | (ECF No. 7) |
| 1 | Port Authority of NY and NJ | May 15, 2015 | June 15, 2015 | June 11, 2015 | (ECF No. 12) |
| 1 | Newark Liberty International Airport | May 15, 2015 | June 15, 2015 | June 11, 2015 | (ECF No. 12) |
| 1 | J. Fletcher Creamer & Son, Inc. | May 14, 2015 | June 14, 2015 | June 11, 2015 | (ECF No. 12) |
|  |  |  |  |  |  |
| 2 | County of Essex | May 14, 2015 | June 14, 2015 | June 19, 2015 | (ECF No. 16) |
| 2 | Kenco | May 18, 2015 | June 18, 2015 | August 5, 2015 | (ECF No. 40) |
| 2 | Tarheel Enterprises, Inc. | May 14, 2015 | June 14, 2015 | August 7, 2015 | (ECF No. 44) |
|  |  |  |  |  |  |
| 3 | State of New Jersey | May 14, 2015 | June 14, 2015 | October 8, 2015 | (ECF No. 68) |
| 3 | John Bassani a/k/a John Bazon | May 14, 2015 | June 14, 2015 | August 7, 2015 | (ECF No. 44) |
| 3 | Gilberto Tomas | May 14, 2015 | June 14, 2015 | August 7, 2015 | (ECF No. 44) |

7

| Group | Defendant | Date Served | Date Defendant Should Have Consent By | Date Defendant Actually Consented On | Support in the Record |
|---|---|---|---|---|---|
| 4 | Heavy & General Laborers Local 472 | May 15, 2015 | June 15, 2015 | | |
|   | LIUNA Local 472 | May 15, 2015 | June 15, 2015 | | |

All Defendants listed in Group 1 properly and timely filed their written consent. The Defendants listed in Group 3 are, according to Defendant Local 825, nominal Defendants, and therefore, the Court need not consider their written consent for purposes of this Motion. After an extensive review of the record, the Court was unable to locate the Defendants in Group 4's written consent.[7] Even if those Defendants did timely consent, all Defendants listed in Group 2 were untimely, ending the inquiry.

In its opposition to Plaintiffs' Motion to Remand, Defendant Local 825 argues that "all non-nominal co-defendants have now consented to removal within the applicable 30-day period . . . [and] to the extent that this Court concludes that removal is defective because a party which should have consented did not consent, the Court should, in the interest of justice and judicial economy, permit the Local to cure what is, after all, a procedural and not jurisdictional defect." (Def. Opp. Br., ECF No. 38, at 3-4) (emphasis added). First, Defendant Local 825's argument that all Defendants have "now consented" appears to be misplaced. Indeed, Defendant Tarheel Enterprises, Inc. and Defendant Kenco filed their written manifestation of consent after Defendant Local 825 filed its opposition to Plaintiffs' Motion to Remand. (See ECF Nos. 40, 44). Second, the unanimity requirement does not afford Defendants the opportunity to perfect removal outside of the thirty (30) day period. As noted above, this Court has continuously observed, "[t]he

---

[7] Defendant Local 472 filed an opposition to Plaintiffs' Motion to Remand on August 3, 2015. (Def. Opp. Br., ECF No. 37). Even if this Court were to consider that opposition as Defendant Local 472's consent to removal, it would nevertheless be untimely.

subsequent filing of an untimely notice of consent is of absolutely no moment, does nothing to cure the defect in the removal procedure, and is properly rejected by the Court." Cacoilo, 902 F. Supp. 2d at 524.

Faced with the facts set forth in Plaintiffs' Motion to Remand and the record in general, this Court cannot excuse Defendants' collective failure to timely comply with the unanimity requirements set forth in 28 U.S.C. § 1446(b)(2)(A). This Court finds that Defendant Local 825's removal was procedurally defective. For this reason, this Court need not discuss whether Plaintiffs' claims give rise to federal question jurisdiction under 28 U.S.C. § 1331.

### IV.  CONCLUSION

Based on the foregoing, this Court respectfully recommends that Plaintiffs' Motion to Remand, (ECF No. 23), be **GRANTED** and remand this matter to the Superior Court of the State of New Jersey, Middlesex County, pursuant to 28 U.S.C. § 1447.

_____  10/29/15
**JOSEPH A. DICKSON, U.S.M.J.**

cc:   Hon. Esther Salas, U.S.D.J.